UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHNMIN LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BGDZJGFZJGFKHZGJ, *et al*.<br><br>    Defendants. | 2:25-CV-00309-CCW |

**OPINION AND ORDER**

Before the Court is Plaintiff SHNMIN LLC's Motion for Default Judgment and Permanent Injunction (the "Motion") as to the Defendants set forth in Schedule A to SHNMIN's Proposed Order.[1] ECF No. 47. While the Motion was pending, the Court dismissed every Defendant in this case except for bgdzjgfzjgfkhzgj for misjoinder. ECF No. 54. Accordingly, the Court will treat the Motion as one seeking relief as against Defendant bgdzjgfzjgfkhzgj only. For the reasons that follow, SHNMIN's Motion will be DENIED.

**I.  Background**

This case arises from SHNMIN's allegation that bgdzjgfzjgfkhzgj has infringed and continues to infringe on various registered trademarks owned by SHNMIN.[2] ECF No. 1. At the outset of this case, SHNMIN moved for an order authorizing alternative service of the Defendants by email and website publication pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. See ECF Nos. 5, 6. The Court issued an Order granting that motion in part and denying it in part

---

[1] The Defendants against whom SHNMIN sought default judgment are set forth in Schedule A at ECF No. 49.

[2] SHNMIN's registered trademarks are "MOONDAR" (Reg. No. 6321597), "COOLORD" (Reg. No. 6308911), "LENARO" (Reg. No. 6600299), "TURONU" (Reg. No. 6372702), "STDEI" (Reg. No. 6425571), "ELROSOY" (Reg. No. 6526347), and "JORONDY" (Reg. No. 6553642). ECF No. 1-1. The Complaint does not clearly allege which trademark bgdzjgfzjgfkhzgj is alleged to have infringed, but based on the Exhibits to the Complaint the Court can infer that it is the "COOLORD" mark. *See* ECF No. 1-2 at 2–3.

(the "Alternative Service Order"). ECF No. 22. Specifically, the Court authorized service by email and website publication under Rule 4(f)(3) unless "Plaintiff ha[d] reason to believe a Defendant reside[d] in a country that ha[d] objected to Article 10 of the Hague Service Convention." *Id.* If a Defendant resided in a country that objected to Article 10 of the Hague Convention, SHNMIN was required to "comply with Federal Rule of Civil Procedure 4(f)(1) or 4(f)(2) in effecting service of process on that Defendant." *Id.* After the Court issued the Alternative Service Order, SHNMIN filed proof of service stating that its counsel "electronically publish[ed] the Complaint, TRO, Summons, and other relevant documents on a website and sen[t] an e-mail to the e-mail addresses provided by third parties for each Defendant." ECF No. 31; *see also* ECF No. 31-2 ¶ 4 (confirming service by email and website publication). Based on that proof of service, SHNMIN requested entry of default as against bgdzjgfzjgfkhzgj because it failed to appear and respond to the Complaint. ECF No. 39. The Clerk of Court entered default as to bgdzjgfzjgfkhzgj on April 17, 2025. ECF No. 40. Thereafter, SHNMIN filed the instant Motion seeking entry of default judgment as against bgdzjgfzjgfkhzgj. ECF No. 47.

**II.     Standard of Review**

Before entering a default judgment, a court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Once these conditions have been satisfied, the decision to grant default judgment rests primarily in the discretion of the district court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Three factors guide courts in the exercise of that discretion: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable

conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Courts must treat as true all factual allegations of the complaint, except those relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III.  Discussion

#### A.  SHNMIN Has Not Established That bgdzjgfzjgfkhzgj Was Properly Served

The Court will deny SHNMIN's Motion because SHNMIN has not established that bgdzjgfzjgfkhzgj was properly served. Before a Court may enter a default judgment, it must confirm that service was proper. *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. CIV. 11-7137 JBS KMW, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012); *see Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."). Here, SHNMIN alleged that all the Defendants in this case resided in "the People's Republic of China and other foreign jurisdictions." ECF No. 1 ¶ 14. Rules 4(h)(2) and 4(f) of the Federal Rules of Civil Procedure together provide three avenues for effecting service on defendants residing outside the United States. *D Squared Plant Traps LLC v. Guangdong Bixing Trading Co., LTD.*, 716 F. Supp. 3d 352, 355 (W.D. Pa. 2024) (Conti, J). Specifically, Rule 4(f) allows for service on foreign defendants in the following ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

3

    (C) unless prohibited by the foreign country's law, by:
      (i) delivering a copy of the summons and of the complaint to the individual personally; or
      (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

In its Motion, SHNMIN alleges that bgdzjgfzjgfkhzgj was "served via electronic means as authorized by the Court." ECF No. 48 at 5. But that is not the case because, as alleged in the Complaint and Motion, bgdzjgfzjgfkhzgj is apparently a resident of China.[3] *See* ECF No. 1 ¶ 14 ("Defendants are individuals and business entities who reside in the People's Republic of China and other foreign jurisdictions."); ECF No. 48 at 2 (making same allegation). And China has objected to Article 10 of the Hague Convention. *See D Squared Plant Traps*, 716 F. Supp. 3d at 356–57. Thus, SHNMIN's service on bgdzjgfzjgfkhzgj by email and website publication was ineffective because the Alternative Service Order did not authorize service by those means for any Defendants residing in countries that objected to Article 10. *See* ECF No. 22. And SHNMIN has not explained, nor can the Court discern from the record, whether or how SHNMIN complied with Rules 4(f)(1) or (f)(2) in effecting service on bgdzjgfzjgfkhzgj. Accordingly, SHNMIN's Motion for Entry of Default Judgment as against bgdzjgfzjgfkhzgj must be denied. *See Gold Kist*, 756 F.2d at 19.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that SHNMIN's Motion for Default Judgment, ECF No. 47, is DENIED without prejudice to SHNMIN re-filing such motion after effectuating service on bgdzjgfzjgfkhzgj. IT IS FURTHER ORDERED that the Clerk of

---

[3] Both the Complaint and Motion allege that "Defendants are individuals and business entities who reside in the People's Republic of China and other foreign jurisdictions." ECF No. 1 ¶ 14; ECF No. 48 at 2. To the extent that bgdzjgfzjgfkhzgj is a resident of some "other foreign jurisdiction," that jurisdiction is not clearly alleged and the Court can only infer that bgdzjgfzjgfkhzgj is a resident of China.

Court is directed to set aside the entry of default against bgdzjgfzjgfkhzgj that appears at ECF No. 40.  IT IS FURTHER ORDERED that on or before September 3, 2025, SHNMIN shall file a either a notice of voluntary dismissal or status report regarding its efforts to serve bgdzjgfzjgfkhzgj.

     DATED this 13th day of August, 2025.

                                  BY THE COURT:

                                  <u>/s/ Christy Criswell Wiegand</u>
                                  CHRISTY CRISWELL WIEGAND
                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record